# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.: 07-22239-civ-LENARD/TORRES

**JOSEPHINE MORA,**

    Plaintiff,

v.

**JACKSON MEMORIAL FOUNDATION, INC.,**
a Florida non-profit corporation,

    Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, Josephine Mora, sues Defendant, Jackson Memorial Foundation ("JMF"), for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA") and the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. ("FCRA").

**Parties, Jurisdiction, Venue Etc.**

1.    Plaintiff, Josephine Mora, is a 63 year old Hispanic woman who currently resides and is a resident of Miami-Dade County, Florida. She was 62 years old at the time of her illegal termination from JMF. Plaintiff was hired on June 29, 2004 as Community Outreach Manager of the International Kids Fund. She was responsible for fundraising and media relations for JMF's efforts to bring kids in need to the United States for surgery and other medical procedures not otherwise available in the kids' home countries. For example, if a child in Honduras needed heart surgery, Plaintiff would raise funds both locally and abroad to bring the child to Jackson Memorial Hospital ("JMH") for the surgery. Her job also involved extensive media exposure on both English and Spanish language television.

2.    Prior to joining JMF, Plaintiff was appointed by President George H.W. Bush in 1992 as a Federal Commissioner to the National Commission on America's Urban Families. She was the only Hispanic on the commission. President Bush also appointed Plaintiff as a Federal Commissioner in 1988 to the National Commission on Children. Both presidential appointments were based, in part, on Plaintiff's unique background into children and family affairs, her fluency

1

SARELSON, P.A., 555 Washington Avenue, Suite 200, Miami Beach, Florida 33139, 305-674-3353, 800-421-9954 (fax)
www.sarelson.com

in Spanish and her contacts throughout the Hispanic community in both the United States and internationally. She also received numerous awards including (i) the 1991 Children's Home Society Award for Services on Behalf of Abandoned Teenagers, (ii) a 1990 Letter of Commendation from President Bush for commitment to community services, (iii) the 1990 Children's Home Society Award for Special Advocacy Efforts in the Florida Legislature, (iv) the 1990 B'Nai B'rith Award for Devoted Community Service and (v) the 1989 R. David Thomas [founder of Wendy's] Award for Child Advocate of the Year for South Florida. By all accounts, she was uniquely and exceptionally qualified for her position with JMF.

3. Defendant, Jackson Memorial Foundation ("JMF"), is a Florida non-profit corporation based in Miami, Florida and is an employer within the meaning of the ADEA. It has at least 20 employees. JMF is the main fundraising entity for JMH. JMF, however, is a legally distinct entity that is neither owned nor controlled by JMH. JMF is a 501(c)(3) exempt entity. The vital role and mission of JMF cannot be fully stated in this Complaint and nothing in the Complaint is meant to diminish JMF's import. JMF has no employee handbook, no equal employment opportunity policy and no anti-retaliation policy.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights) and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

5. Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within Miami-Dade County, Florida. 28 U.S.C. § 89(c).

6. On May 26, 2006, Plaintiff dual-filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.

7. On June 6, 2007, the EEOC took the rare step of concluding that JMF violated the ADEA and issued Plaintiff a Right to Sue Letter. An EEOC finding of cause is highly probative in employment discrimination cases. *See Horne v. Turner Construction Co.*, 136 Fed. Appx. 289, 292 (11th Cir. 2005) (unreported) (reversing summary judgment and noting that an "EEOC finding is admissible evidence in a bench trial, and the district court should have taken it into consideration in the summary judgment proceeding as well.").

SARELSON, P.A., 555 Washington Avenue, Suite 200, Miami Beach, Florida 33139, 305-674-3353, 800-421-9954 (fax)
www.sarelson.com

**Facts Common to All Counts**

8.     Plaintiff was employed by JMF as its Community Outreach Manager for the International Kids Fund.  Her immediate supervisor was Maria Luisa Chea.  Her supervisor's supervisor was Rolando Rodriguez, the Chief Executive Officer of JMF.

9.     Throughout her tenure at JMF, Chea made clear that she disliked Plaintiff. Despite this, Chea gave Plaintiff a very favorable review on the first anniversary of her employment.  Chea wrote, "in all fairness she deserves the credit for being committed to the program, for being good with the press, for working independently and following through on most matters.  She is also very personable and very sociable.  Raising money from the community through media appeals is a very important part of the program's fundraising and she has handled it successfully. I recommend a raise of 5% in recognition of her achievements."

10.    Shortly before her termination, Plaintiff was reassigned to the newly created "Special Events, Development Manager" position.  No one has ever replaced Plaintiff in this fictitious position.  The position was created and the reassignment was made in an effort to force Plaintiff to resign.

11.    On April 3, 2006, Rodriguez walked into Plaintiff's office and fired her effective immediately.  Rodriguez told Plaintiff that he "needed someone younger" and that he wanted to replace Plaintiff "with someone like Elena Quevedo."  Quevedo – who was then JMF's Director of Grants and New Business – was approximately 24 years old when Plaintiff was fired.

12.    Plaintiff's office door was not closed completely when Rodriguez fired her.  Delia Kennedy, another JMF employee, overheard the entire conversation because her desk was immediately outside Plaintiff's office.  Kennedy overheard Rodriguez's comments about Plaintiff being too old and his desire to replace her with a twenty-something year old.  Kennedy has since been terminated.

13.    On April 27, 2006 (less than one month after Plaintiff's termination), Rodriguez hired Jennifer Vasquez to replace Plaintiff.  At the time of her hire, Vasquez was 28 years old. This information comes from documents JMF filed with the EEOC.

14.    Co-workers Quevedo and Martha Lagarde were told of Plaintiff's termination immediately after her actual termination.  Rodriguez told Quevedo and Lagarde, at the same time and in each other's presence, that Plaintiff was too old and that he intended to replace her with someone much younger.  Lagarde has since been terminated.

3

SARELSON, P.A., 555 Washington Avenue, Suite 200, Miami Beach, Florida 33139, 305-674-3353, 800-421-9954 (fax)
www.sarelson.com

15. Plaintiff has eagerly sought employment since her termination from JMF but has been unable to find same. Accordingly, she is entitled to back and front pay from the date of her illegal termination to what would have been her retirement date had she not been illegally fired. *See Munoz v. Oceanside Resorts, Inc.*, 223 F. 3d 1340, 1349 (11th Cir. 2000) ("when age discrimination plaintiffs are near the age of retirement, this court has signaled its comfort with awarding front pay.").

16. Plaintiff has retained counsel and is obligated to compensate him.

### COUNT I – Age Discrimination in Employment Act

17. Plaintiff incorporates paragraphs 1 – 16.

18. JMF is subject to ADEA.

19. Plaintiff was a protected employee under the ADEA because she was 62 years old at the time of her termination.

20. Plaintiff was qualified for her position and was performing satisfactorily in her position.

21. JMF directly, intentionally and willfully discriminated against Plaintiff when it fired her due to her age.

22. Plaintiff was replaced by a 28 year old new hire.

23. Plaintiff has been damaged both financially and psychologically.

24. Because Plaintiff has direct evidence of discrimination, as opposed to indirect or circumstantial evidence, her claims are not subject to the familiar *McDonnell-Douglas* burden shifting approach commonly used in employment discrimination. *See Hemsworth, II. v. Quotesmith.com, Inc.*, 476 F.3d 487, 490-91 (7th Cir. 2007) (noting that a decision-maker's comment "You're too old to work here" is a "near-admission" of liability and is not subject to *McDonnell-Douglas*).

25. Plaintiff is entitled to back pay, front pay and liquidated damages equaling the amount of back pay.

### COUNT II – Florida Civil Rights Act

26. Plaintiff incorporates paragraphs 1 – 16.

27. JMF is subject to the FCRA.

28. Plaintiff was a protected employee under the FCRA because she was 62 years old at the time of her termination.

29. Plaintiff was qualified for her position and was performing satisfactorily in her position.

30. JMF directly, intentionally and willfully discriminated against Plaintiff when it fired her due to her age.

31. Plaintiff was replaced by a 28 year old new hire.

32. Plaintiff has been damaged both financially and psychologically.

33. Because Plaintiff has direct evidence of discrimination, as opposed to indirect or circumstantial evidence, her claims are not subject to the familiar *McDonnell-Douglas* burden shifting approach commonly used in employment discrimination. *See Hemsworth, II. v. Quotesmith.com, Inc.*, 476 F.3d 487, 490-91 (7th Cir. 2007) (noting that a decision-maker's comment "You're too old to work here" is a "near-admission" of liability and is not subject to *McDonnell-Douglas*).

34. Plaintiff is entitled to back pay, front pay, compensatory damages and punitive damages.

35. Plaintiff is aware that some courts have refused to award both punitive damages under the FCRA and liquidated damages under the ADEA because of the appearance of double recovery. *See, e.g., Moses v. K-Mart Corp.*, 905 F. Supp. 1054, 1058-59 (S.D. Fla. 1995). Plaintiff, however, intends to challenge this line of cases.

## Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

**Prayer for Relief**

Plaintiff prays that this Court enter judgment in her favor against JMF, award monetary damages (back pay, front pay, liquidated (pursuant to ADEA only), compensatory (pursuant to FCRA only) and punitive (pursuant to FCRA only)) totaling no less than $600,000, award her reasonable attorneys' fees and costs and any other relief this Court deems appropriate.

                Respectfully submitted,

                ___/s/ Matthew Sarelson_____
                Matthew S. Sarelson, Esq.
                Fla. Bar No. 888281
                **SARELSON, P.A.**
                555 Washington Avenue, Suite 200
                Miami Beach, Florida 33139
                305-674-3353
                800-421-9954 (fax)
                msarelson@sarelson.com

## CERTIFICATE OF SERVICE

I certify that on October 8, 2007, a copy of this Amended Complaint is being served via e-mail only upon those listed on the attached service list. Defense counsel has graciously and professionally agreed to waive service of process but have not yet made an appearance and thus cannot be served via CM/ECF.

/s/ Matt Sarelson_____
Matthew S. Sarelson, Esq.

## SERVICE LIST
### Case No. 07-22239-civ-Lenard/Torres

**Matthew S. Sarelson, Esq.**
Fla. Bar No. 888281
msarelson@sarelson.com
*SARELSON, P.A.*
555 Washington Avenue, Suite 200
Miami Beach, Florida 33139-6639
Telephone No.  305-674-3353
Facsimile No.   800-421-9954
Counsel for Plaintiff Josephine Mora

**Michael W. Casey III, Esq.**
Fla. Bar No.141430
mcasey@ebglaw.com
**Rashida M. Ivy, Esq.**
Fla. Bar No. 474230
rivy@ebglaw.com
*EPSTEIN BECKER & GREEN, P.C.*
Wachovia Financial Center, Suite 2100
200 S. Biscayne Blvd.
Miami, Florida 33131
Museum Tower, Suite 2200
Tel: 305-982-1520
Fax: 305-982-1521
Counsel for Jackson Memorial Foundation, Inc.