UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22239-CIV-LENARD/GARBER

JOSEPHINE MORA,

    Plaintiff,

v.

JACKSON MEMORIAL
FOUNDATION, INC., a Florida
nonprofit corporation,

    Defendant.

_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to that reference, the Court has received and read the relevant filings.  This order resolves (1) Defendant's Motion for Sanctions [DE 35], (2) Plaintiff's Sealed Motion to file Response to said motion Under Seal, and (3)  Defendant's Motion to Strike said Response [DE 44].

On June 20, 2008, the South Florida Business Journal published an article critical of Jackson Memorial Foundation. The article cited the deposition of Ms. Quevedo, which was held in Josephine Mora's age-discrimination suit against the foundation.  Mora's attorney, Matthew Sarelson, has admitted giving the Journal's reporters the deposition.  Jackson Memorial argues that sanctions are warranted because Sarelson has tainted the jury pool by (a) sharing the deposition, and (b) making insinuations to the reporters that Jackson Foundation bribed a witness.

When Sarelson gave the reporters a copy of the deposition, he did nothing wrong.

1

Depositions are public proceedings and the Court finds it irrelevant that the deposition had, at that time, not yet been filed.

Jackson Memorial also accuses Sarelson of suggesting to the reporters that Quevedo was bribed to perjure herself in her deposition. That accusation is based on the existence of the following paragraph:

> "In an April deposition in a federal age discrimination case filed by Josephine Mora, Quevedo said she was creating the real estate department and that her salary had risen to $ 97,000 that month - <u>within days of being noticed for her deposition</u>. . . ." (emphasis added).

Even putting aside the question of whether one clause in the South Florida Business Journal could reasonably be said to taint any jury pool, the Court does not find that clause to be an adequate basis to warrant an evidentiary hearing on Sarelson's conduct. Sarelson states that he did not speculate to reporters about Quevedo's deposition answers. Jackson Memorial offers two reasons for the Court to doubt Sarelson's integrity: (1) the bribery theory is not supported in either court filings or in the deposition, therefore, Jackson Memorial argues, Sarelson must have given it to the reporters; and (2) the date of Quevedo's deposition notice is not part of the public record. These arguments are too thin to overcome the presumption that Sarelson's conduct meets, and has met, his ethical obligations.

Jackson Memorial's motion for sanctions created a pair of derivative motions. They are now moot. Accordingly, the Court hereby

Orders the following:

1. Jackson Memorial's Motion for Sanctions [DE 35] is DENIED.

2. Josephine Mora's Motion to file, under seal, his response to said motion is DENIED as moot. The Clerk is instructed to destroy the filing [DE 38 & 39].

      3. Jackson Memorial's Motion to Strike Mora's Response in Opposition [DE 44] is DENIED as moot.

      DONE AND ORDERED in Chambers at Miami, Florida this 21st day of August 2008.

                                                                            BARRY L. GARBER
                                                                  UNITED STATES MAGISTRATE JUDGE